IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TODDY GEAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13 CV 8703 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| NAVARRE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Plaintiff Toddy Gear Inc. ("Toddy Gear") sues Defendant Navarre Corporation ("Navarre") for false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 § 2. Before the Court is Navarre's motion to dismiss Toddy Gear's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

I. BACKGROUND

Toddy Gear manufactures and distributes the Toddy Smart Cloth, a double-sided microfiber cloth with an antimicrobial coating crafted for scratch-free cleaning of extremely sensitive surfaces such as handheld electronics. The Toddy Smart Cloth is sold over the internet as well as in retail stores such as Target. Toddy Gear alleges that Cleer Gear created a knock off of the Toddy Smart Cloth, which has the same exact size, dimensions, color and other characteristics. The Cleer Gear product is known as the Schatzii. Toddy Gear alleges that Navarre distributes the Schatzii to retail stores—such as Apple and Best Buy—on a national basis, including retailers with a presence in Chicago and the surrounding suburbs. Toddy Gear

further alleges that the "product markings for the Schatzii state that the product is 'designed and produced by Cleer Gear in the United States.'" Compl. ¶ 9. Toddy Gear asserts that Cleer Gear has only one employee in the United States, and imports the Schatzii product from China. In Count I, Toddy Gear alleges that Navarre's conduct in distributing a product that creates the false impression that the product is made in the United States violates § 43(a) of the Lanham Act. In Count II, Toddy Gear alleges that Navarre's business conduct also violates the Illinois Uniform Deceptive Trade Practices Act. Navarre's motion to dismiss Toddy Gear's Complaint is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

Rule 8 requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must provide the defendant with fair notice of the claim and the grounds for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). Under Rule 9(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must allege "the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 441-42 (7th Cir. 2011) (quoting U.S. ex rel. Lusby v. Rolls-Royce Corp., 570 F.3d 849, 854 (7th Cir. 2009)).

In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in Toddy Gear's Complaint, and draws all reasonable inferences in its favor. Golden v. State Farm Mut. Auto. Ins. Co., 745 F.3d 252, 255 (7th Cir. 2014) (citing Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013)).

**B. Motion to Dismiss**

With respect to Count I, "[i]n order to establish a claim of false or deceptive advertising under § 43(a) of the Lanham Act, a plaintiff must show that the defendant made a material false statement of fact in a commercial advertisement and that the false statement deceived or had the tendency to deceive a substantial segment of its audience." Muzikowski v. Paramount Pictures Corp., 477 F.3d 899, 907 (7th Cir. 2007) (citing Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 819 (7th Cir. 1999)). As an initial matter, Navarre argues that Toddy Gear cannot even invoke a cause of action under the Lanham Act. The Court disagrees.

"[A] statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1388 (2014) (internal quotation marks and citation omitted).[1] According to Navarre, Toddy Gear is really asserting a claim under the Textile Fiber Products Identification Act, 15 U.S.C. § 70b(b)(4), cloaked as a Lanham Act claim. Specifically, Navarre argues that the Lanham Act is an improper vehicle for enforcing the Textile Fiber Products Identification Act, and because there is no private right of action under the latter, this claim should be dismissed. Thus, the issue is whether the provisions of the Textile Fiber Products Identification Act preclude the Lanham Act claim. "Analysis of the statutory text, aided by

---

[1] The zone of interests inquiry is not a requirement of Article III standing; rather, it is an element of the cause of action under the statute. Id. at 1391 n.6.

3

established principles of interpretation, controls." POM Wonderful LLC v. Coca-Cola Co., 134 S. Ct. 2228, 2236 (2014) (citing Chickasaw Nation v. United States, 534 U.S. 84, 94 (2001)).

The Textile Fiber Products Identification Act prohibits the misbranding or falsely or deceptively advertising of textile fiber products. 15 U.S.C. § 70a. As relevant here, a textile fiber product is deemed misbranded if, *inter alia*, a label does not show "in words and figures plainly legible, the following: . . . [i]f it is an imported textile fiber product the name of the country where processed or manufactured." Id. § 70b(b)(4). The Textile Fiber Products Identification Act provides nearly exclusive enforcement authority to the Federal Trade Commission ("FTC"), id. § 70e(a)—the FTC may refer the matter to the Attorney General to enforce criminal penalties, id. § 70i(b). By its express terms, the provisions of the Textile Fiber Products Identification Act "shall be held to be in addition to, and not in substitution for or limitation of, the provisions of any other Act of the United States." Id. § 70k. Thus, the Textile Fiber Products Identification Act does not preclude Lanham Act claims.

Section 43 of the Lanham Act prohibits the use of "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). This broad imposition of liability protects competitors from "unfair competition through misleading advertising or labeling." POM Wonderful LLC, 134 S. Ct. at 2234. Moreover, "[n]o other provision in the Lanham Act limits that understanding or purports to govern the relevant interaction between the Lanham Act and the [FTC]." Id. at 2237. Consequently, the text of the two federal statutes makes clear that the FTC's regulation of textile fiber product labels does not bar private parties from asserting an unfair competition claim under

the Lanham Act. The Court therefore rejects Navarre's argument that Toddy Gear may not seek relief under the Lanham Act based on a legal theory that the alleged conduct also violates the Textile Fiber Products Identification Act.

Likewise, the Court rejects Navarre's argument that Toddy Gear fails to assert a "discernable competitive injury." Johnny Blastoff, Inc. v. L.A. Rams Football Co., 188 F.3d 427, 438 (7th Cir. 1999) (internal quotation marks and citation omitted). "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." Lexmark Int'l., Inc., 134 S.Ct. at 1390. Navarre argues that Toddy Gear has pleaded itself out of court by alleging that the competing product at issue is "manufactured and distributed by Cleer Gear." Compl. ¶ 8. Navarre argues that this demonstrates that only Cleer Gear, LLC and Toddy Gear are competitors. For its part, Navarre asserts that the Complaint merely alleges that it "marketed the Schaatzii to retailers including Apple Stores and Best Buy, which sell the product in their stores." Id. (emphasis added). According to Navarre, merely marketing the product to retailers is not direct competitive activity as required by the Lanham Act. The Supreme Court, however, has recently rejected a categorical direct-competitor test; instead, it held that "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." Lexmark Int'l., Inc., 134 S.Ct. at 1391.

Here, Toddy Gear alleges, *inter alia*, that Navarre distributes an exact replica of its Toddy Smart Cloth—including the size, dimensions, color and other characteristics—to retailers on a national basis that include false statements on the product packaging. Specifically, Toddy Gear alleges that "in the course of its business [Navarre] is distributing a product that fails to

comply with the Textile Fiber Products Identification Act and creates the false impression that the product is made in the USA." Compl. ¶ 15. Toddy Gear further alleges that these false statements "are material and influence purchasing decisions regarding the Schatzii by consumers." Id. ¶ 16. Additionally, Toddy Gear asserts that it distributes its product, the Toddy Smart Cloth, to retail stores, including Target; and, that it has been injured as a result of Navarre's wrongful conduct. As pleaded, Toddy Gear's Complaint alleges a direct injury to its commercial interest.

Next, Navarre argues that Toddy Gear fails to allege that Navarre made a false statement in a commercial advertisement. Not so. Toddy Gear alleges that Navarre has caused the Schatzii product, which includes false statements on the product packaging, to enter interstate commerce. Statements made on labels, package inserts, or other promotional materials constitute commercial advertisement under the Lanham Act. See POM Wonderful LLC, 134 S. Ct. at 2234 ("The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling."); Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc., 586 F.3d 500, 512 (7th Cir. 2009) ("The purpose of the false-advertising provisions of the Lanham Act is to protect sellers from having their customers lured away from them by deceptive ads (or labels, or other promotional materials).").

Navarre also argues that the false statements alleged are insufficient under Rule 9(b). This argument is without merit. Toddy Gear alleges with particularity the statements it claims are false—namely, that the Schatzii product is "designed and produced by Cleer Gear in the United States." Compl. ¶ 9. Toddy Gear further alleges that these statements are false because the product is actually imported from China. This is sufficient to satisfy Rule 9(b). See Vincent v. City Colleges of Chi., 485 F.3d 919, 925 (7th Cir. 2007); see also Gensler v. Strabala, No. 12-

2256, 2014 WL 4100732, at *2 (7th Cir. Aug. 21, 2014) (noting that a complaint alleging a violation of § 43(a) of the Lanham Act must allege the nature of the grievance with particularity—what the statement says and why it is false). The Court declines Navarre's invitation to determine the merits of whether the alleged statements on the product packaging constitute a literal falsity or implied falsity within the meaning of the Lanham Act. See BASF Corp. v. Old World Trading Co., Inc., 41 F.3d 1081, 1088-89 (7th Cir. 1994) ("To establish liability, a plaintiff must show that the challenged advertisement is literally false, or, if literally true or ambiguous, that it is misleading in context, as demonstrated by actual customer confusion." (internal quotation marks and citations omitted)).

Finally, Navarre argues that Count II, asserting deceptive trade practices in violation of Illinois state law—based on the same allegations set forth in support of its Lanham Act claim—should be dismissed. See SB Designs v. Reebok Int'l, Ltd., 338 F. Supp. 2d 904, 914 (N.D. Ill. 2004) ("Where a plaintiff's factual allegations under the Illinois Uniform Deceptive Trade Practices Act also form the basis for plaintiff's claim under the Lanham Act, the legal inquiry is the same under both statutes."); see also Muzikowski, 477 F.3d at 907 (assuming without deciding that the analysis under § 43(a) of the Lanham Act also applies to Illinois false advertising claims). For the same reasons discussed above, the Court finds that Toddy Gear's claim under the Illinois Uniform Deceptive Trade Practices Act satisfies Rule 9(b)'s heightened pleading standard. Lastly, Navarre complains that several allegations in Count II contradict other allegations in the Complaint. For example, paragraphs twenty and twenty-one allege that Navarre violates the Illinois Uniform Deceptive Trade Practices Act based on representations of "its goods," but as Navarre points out, Toddy Gear alleges that the product at issue is the goods of Cleer Gear. These pleading inconsistencies, however, do not merit dismissal of Count II—

"[a] complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." Rabe v. United Air Lines, Inc., 636 F.3d 866, 872 (7th Cir. 2011) (citations omitted). Toddy Gear also alleges that Navarre violates the Illinois Uniform Deceptive Trade Practices Act by "engaging in other conduct that creates a likelihood of confusion or misunderstanding." Compl. ¶ 20(c). "A complaint that invokes a recognized legal theory (as this one does) and contains plausible allegations on the material issues (as this one does) cannot be dismissed under Rule 12." Richards v. Mitcheff, 696 F.3d 635, 638 (7th Cir. 2012) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Navarre's motion to dismiss Toddy Gear's Complaint is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Navarre's motion to dismiss is denied. Discovery should move apace.

IT IS SO ORDERED.

ENTER: *Charles Norgle*
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 26, 2014